## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 5:07-cr-00245

MICHAEL D. NAPPER,

        Defendant.

### REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On January 19, 2010, the Defendant, Michael D. Napper, appeared in person and by counsel, J. Steven Hunter, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer.  The United States was represented at the hearing by John L. File, Assistant United States Attorney. United States Probation Officer Brett Taylor was also present at the hearing.

On February 19, 2009, the Defendant was sentenced to a term of imprisonment of 18 months to be followed by a 3 year term of supervised release.  The Defendant began serving the term of supervised release on July 13, 2009.  On November 16, 2009, the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been

disclosed.  The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

1) **Violation of Standard Condition: The defendant shall not commit another federal, state, or local crime:**

   On October 8, 2009, the defendant was administered a hand-held drug test, which yielded a presumptive positive for cocaine.  After being confronted about the result, he admitted he had used crack cocaine on October 6, 2009.

2) **Violation of Standard Condition: The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance:**

   The probation officer re-alleges the conduct in violation number one.

3) **Violation of Standard Condition number two: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month:**

   Mr. Napper failed to submit monthly reports for the months of September and October 2009.

4) **Violation of Standard Condition: The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer:**

   On October 8, 2009, Mr. Napper was instructed to report to the United States Probation Office each Monday morning between 8:30 a.m. and 12:00 p.m.  The only exception was the following Monday, which was a holiday.  Mr. Napper was instructed to report on Tuesday of that week.  Mr. Napper has not reported on any occasion since receiving the directive. Mr. Napper's whereabouts are unknown and it appears he has absconded supervision.

In making these findings, the Court relied upon the information contained in the *Petition*, and the Defendant's statement that he admits the violations contained in the *Petition*.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **8 MONTHS**. Upon release from prison, the Defendant shall be placed on supervised release for a term of **24 MONTHS**. The Defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons. The Court recommends that the Defendant be placed in a Bureau of Prisons facility at or near Roanoke, Virginia. Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. The Court does not find that the Defendant poses a low risk of future substance abuse. Accordingly, the Court orders that the Defendant submit to one drug test within 15 days of release and at least two periodic drug tests thereafter as a condition of supervised release. Further, the payment of the remaining special assessment balance of $75.00 shall be a special condition of the defendant's supervised release.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel,

the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        January 19, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE